LEMMON, Justice,
concurring.
In his appeal from his second degree murder conviction defendant contends that the district attorney deliberately overcharged him with first degree murder in order to try him as an adult in district court and to divest the juvenile court of jurisdiction. The basic contention is that the evidence was insufficient to establish specific intent to kill or cause great bodily harm and that the D.A. should therefore have charged defendant with second degree murder in juvenile court. He contends that the prosecutor submitted a first degree murder indictment to the grand jury in order to be able to try the case in the district court without complying with the requirements of the transfer statute. See R.S. 13:1570, 1571.1 et seq.
The evidence established that five persons were in defendant’s car when he parked around the corner from CJ’s Bar, where the murder was committed. The three persons remained in the car, while defendant and Earl Jones went to the bar after defendant said he wanted to “pull a *1355 hustle” (meaning to commit a robbery). The three all testified for the state, stating that defendant carried a gun with him to the bar; that they heard two shots in rapid order; that defendant and Jones came running back; that defendant had the gun in his hands and blood on his clothes; and that defendant stated he had shot a white man who fell on him, spilling the blood on his clothes. Earl Jones did not testify, and the court refused (probably incorrectly) to admit the excited statements made by Earl Jones to the three witnesses immediately following the aborted robbery.
The jury apparently decided that there was insufficient evidence of specific intent to kill and returned a verdict of second degree (felony) murder. R.S. 14:30.1(2).
Defendant raised his complaint for the first time on appeal. I concur in affirmance of the conviction, without reaching the merits of defendant’s contentions, because the issue should have been raised prior to trial by motion to quash. C.Cr.P. Art. 531. At the pretrial hearing on the motion the trial judge could have considered evidence which may be inadmissible at trial (such as evidence of statements made by Earl Jones). Requiring that the matter be raised in a pretrial context also permits the district attorney to file transfer proceedings or seek review of an adverse ruling, if the first degree murder indictment is quashed. Further, the evidence in the record on appeal arguably provides the basis for a reasonable determination by the prosecutor that there is a jury question of whether defendant acted with specific intent. Since there has been no showing (pretrial or otherwise) of a bad-faith- prosecutorial effort to deliberately encourage a grand jury to return an indictment, when the charge is not reasonably supported by the evidence, for the purpose of vesting jurisdiction in the district (rather than juvenile) court without complying with the requirements of the transfer statute, I concur in affirming the judgment.